IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARSHALL RICKS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2838-Ma/V |
| ROZELLE CRINER, et al., | X | |
| Defendants. | X | |

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Marshall Ricks, Tennessee Department of Correction prisoner number 126570, who is presently an inmate at the Deberry Special Needs Facility in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee on October 27, 2005 in connection with his previous confinement at the Lauderdale County Jail. District Judge William J. Haynes issued an order on October 27, 2005 that assessed the civil filing fee and transferred the case to this district, where it was docketed on November 10, 2005. The Clerk shall record the defendants as Lauderdale County Mayor Rozelle Criner; Lauderdale County Sheriff Louis Craig; Lieutenant Entrix, who is sometimes referred to as "Entrick"; Corrections Officer Carroll; Nurse Rhonda Childres; and Officer Beft.

I.  <u>Analysis of Plaintiff's Claims</u>

The complaint alleges that the plaintiff was incarcerated at the Jail from May 13, 2005 through May 24, 2005, having surrendered after violating a community corrections sentence. Plaintiff was not given a medical screening during the booking process, although he is known to suffer from a mental disorder and diabetes. Plaintiff informed the jailers that he suffered from these conditions, but he was not given his insulin or other medications. Plaintiff alleges that he became dizzy as a result and fell on May 17, 2005, striking a brick toilet divider and severely injuring his left side. No staff members were present to whom plaintiff could report the incident until the next morning, May 18, 2005. Defendant Childres told plaintiff that she could not authorize his removal to an outside hospital, but that she had some Lortab pain pills at home and would have her husband bring them. Childres later gave the plaintiff nine Lortab pills, which relieved his pain, but upset his stomach. On May 20, 2005, Childres gave plaintiff twelve Lortab pills, which were to suffice until a court appearance on Monday, May 23, 2005. At that appearance, the trial judge granted counsel's request to have plaintiff examined by a doctor and directed defendant Entrix to take plaintiff to a local hospital that day. Defendant Entrix did not comply with the court's order.

On May 25, 2005, when defendant Beft checked the plaintiff's blood sugar, he complained of his injuries to her, but received no medical assistance. Later that day, to obtain medical

attention, plaintiff refused to take his insulin shot. Plaintiff was taken to the hospital on May 25, 2005, where it was discovered that he had a collapsed lung and pneumonia from fluid that had collected in his chest.

The plaintiff seeks monetary compensation.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

3

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he has exhausted his administrative remedies as to his claims. The complaint is silent as to any steps the plaintiff has taken to exhaust his claims. The complaint also fails to aver that the Jail does not have an inmate grievance procedure.

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through

4

'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. Accordingly, the Court DISMISSES the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[1]

## II.  Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not

---

[1]  As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

5

taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[2] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

IT IS SO ORDERED this \_\_2-d\_\_ day of December, 2005.

*[signature]*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Effective November 1, 2003, the fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 2:05-CV-02838 was distributed by fax, mail, or direct printing on December 8, 2005 to the parties listed.

---

Marshall Ricks
DEBERRY SPECIAL NEEDS  FACILITY
126570
7575 Cockrill Bend Industrial Blvd.
Nashville, TN 37209

Honorable Samuel Mays
US DISTRICT COURT